DECISION
Plaintiffs timely appeal from an Order of Deschutes County Board of Property Tax Appeals (BOPTA), which sustained the values of their property, as set by Defendant, for the 2008-09 tax year. Plaintiffs confine their appeal to the real market value (RMV) of their land, which is identified in the assessor's records as Account 104156.[1]
Jurisdiction is provided in ORS 305.275[2] and ORS 305.280.
James Prestwood (Prestwood) (who has considerable experience with property development and has developed approximately 70 properties in the last four years) represented Plaintiffs and testified on their behalf at trial. Defendant was represented by Sarah Malikowski (Malikowski), an appraiser with the Deschutes County Assessor's office. She submitted a valuation report and testified for Defendant at trial.
 I. STATEMENT OF FACTS
The subject property is an improved lot on the west side of the city of Bend. The improvement is a 780 square foot home built in 1997. (Def s Ex A-1 at 1.) The home sits on a 0.08 acre (3,484 square foot) lot. (Id) Only the value of the land is at issue. Neither party *Page 2 
contests the current improvement RMV of $68,120. The current land RMV on the assessment and tax rolls is $187,340. Plaintiffs requested reduction to $85,179, and Defendant requested reduction to $175,000. The current total RMV is $255,460. The assessed value (AV) is $190,470.
 II. ISSUE
The issue before the court is the RMV of Plaintiffs' land on January 1, 2008, which is the applicable assessment date for the 2008-09 tax year.[3]
 III. ANALYSIS
For purposes of property assessment and taxation, RMV is defined in ORS 308.205(1). That statute provides in relevant part:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
ORS 308.205(1).
While there are three recognized methods for valuing property, the sales comparison approach is most appropriate for valuing residential property, particularly in cases where only the value of the land is at issue.[4] The court looks at arm's length sales transactions of similar property to determine a correct RMV. See Richardson v. Clackamas Cty.Assessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003). In the valuation of property (e.g., an *Page 3 
appraisal report), similar properties are referred to as "comparable" sales. However, while properties may be similar and therefore comparable, they are rarely if ever identical. Therefore, adjustments are typically made to the comparable sales to account for differences between those properties and the property being appealed. See Ward v. Dept. ofRevenue, 293 Or 506, 511, 650 P2d 923 (1982) (citations omitted) (noting that the comparable sales approach is well accepted, but that adjustments must be considered to reflect differences "[b]ecause sales are seldom comparable in every detail"); Appraisal Institute, The Appraisal of RealEstate 307 (13th ed 2008) (noting that adjustments for differences must be made because comparable properties are rarely identical).
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971); see alsoRiley Hill General Contractor v. Tandy Corp., 303 Or 390, 394, 737 P2d 595
(1987) (" "Preponderance' derives from the Latin word "praeponderare,' which translates to "outweigh, be of greater weight'"). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990).
Plaintiffs submitted a collection of exhibits for trial, but focused primarily on three of those exhibits — Exhibits 1, 5, and 6. Each of those exhibits presents information on bare land sales in Bend. Plaintiffs' key piece of evidence is Exhibit 6, which presents 14 bare land sales in Bend occurring between November 15, 2007, and February 15, 2008. Those properties sold for between $25,000 and $140,000. (Ptfs' Ex 6.) From those sales, Plaintiffs calculated an average *Page 4 
sale price of $85,179. Based on that analysis, Plaintiffs requested that the court reduce the RMV of their land to $85,179.
Defendant's appraiser Malikowski used the land residual method to estimate the value of Plaintiffs' land. Malikowski settled on that approach after determining that "there [were] limited bare lot sales available." (Def s Ex A-1 at 1.) Malikowski analyzed eight improved sales (i.e., land and improvements) occurring between June 2007 and June 2008. (Id.; Def s Ex B-1 at 1; Def s Ex B-2 at 4.) According to her report, the "[l]and residual method is calculated using actual sales data, subtracting county record improvement value and site development value from the sale price. * * * The remaining value is attributed to the land value of the sale." (Def s Ex A-1 at 1.) Malikowski then derived an average land residual value from the eight sales. (Def s Ex B-2 at 3, 4.)
In the final analysis, each side employed averaging to arrive at an estimate of land value, and neither made adjustments to their land values to account for differences in, for example, size, location, or topography. Each side agrees a reduction is warranted. The only disagreement is to the magnitude of the error in the current land RMV on the rolls. Thus, Plaintiffs have demonstrated an error in the record assessment.
Turning to an analysis of the evidence, both parties' arguments have strengths and weaknesses. Both sides used market data, which is a strength. However, whereas Plaintiffs relied on bare land sales, Defendant used improved sales, which required the removal of improvement values to arrive at a (residual) land value. That extra step opens the door for error. Moreover, Malikowski relied on county improvement values for her adjustments. Tax roll values are not market transactions. Plaintiffs' property provides a case in point. Plaintiffs *Page 5 
appealed their tax year 2007-08 values, and BOPTA reduced their improvement value 55 percent (from $156,270 to $70,960) at Defendant'srecommendation.
Looking at the sales used by the parties, Plaintiffs' sales are city-wide, whereas Defendant focused on the area close to the subject property. Malikowski testified that there are considerable value differences between the northeast and the northwest areas of town, with the northwest being the higher value area. The subject property is in the northwest area. Defendant's use of nearby sales presents a better data pool. Additionally, six of Plaintiffs' sales were to Habitat For Humanity, a nonprofit organization that builds houses for the poor. As such, they may not have been truly arm's length transaction. Removing those six sales, all of which changed hands for $60,000, and excluding Plaintiffs' comparable 1, which sold for only $25,000, leaves an average sale price of $115,357. While the court does not believe that averaging is necessarily the best technique for arriving at value, it is the method employed by both parties, and likely presents a fair indication of value. The court finds $115,500 to be a reasonable estimate of the value of Plaintiffs' bare land as of January 1, 2008. However, the value of site developments must be added to that value, because Defendant's land RMV includes site developments, as required by ORS 307.010(1)(a).
The value attributable to site developments on the assessment and tax rolls is $9,000. At trial, the parties agreed that $21,000 was a good average amount to attribute to site developments, which include the City of Bend services and landscaping. Under ORS 305.412, "the court has jurisdiction to determine the real market value * * * on the basis of the evidence before [it], without regard to the values pleaded by the parties" where the determination of RMV is an issue. The evidence shows $21,000 to be a reasonable estimate of the value attributable to *Page 6 
the site developments. Adding that amount to the court's base bare land value of $115,500 generates a final land value of $136,500.
 IV. CONCLUSION
After carefully evaluating the evidence, the court concludes that the RMV of Plaintiffs' land on January 1, 2008, was $136,500, including site developments. The total RMV is therefore $204,620. Defendant shall recalculate the resulting MAV and AV based on the court's findings herein. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted in part as set forth above.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Robinson on February 26, 2010.The court filed and entered the document on February 26, 2010.
[1] That account includes the improvement and the land.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] In Oregon, the "assessment year" is a calendar year, and the "tax year" is a 12-month period beginning on July 1 each year. ORS308.007(1)(b), (c). The annual "assessment date" is January 1, per ORS308.007(1)(a) and ORS 308.210, and corresponds to the tax year beginning six months later on July 1. ORS 308.007(2). Thus, for the 2008-09 tax year, the assessment date was January 1, 2008, and the tax year began on July 1, 2008, and ended 12 months later on June 30, 2009.
[4] An administrative rule promulgated by the Oregon Department of Revenue instructs that the three approaches to value — sales comparison, cost, and income — be considered in determining a property's value, but recognizes that all three approaches may not be applicable in a given case. OAR 150-308.205-(A)(2)(a). Because the subject property is owner occupied and does not generate any income, neither party used the income approach in valuing Plaintiffs' property. Because land value is at issue, the cost approach is not relevant.